Dear Representative Sneed:
This office is in receipt of your request for an opinion of the Attorney General in regard to declaring the Whitney Place condominium complex for "adult's only". The condominium Declaration and Articles of Incorporation can be amended by two-thirds vote of the unit owners, and each unit is owned. We are informed that the average age there is seventy-five, but this is not an assisted living complex. At the present at least 95 percent of the residents are sixty or older. The management of the condominium asks whether the complex can be declared an adult only complex.
In state law we find the Chapter, Louisiana Equal Housing Opportunity Act, and therein R.S. 51:2602 provides as follows:
 A. The legislature finds and declares that persons in this state who seek a place to live should be able to find such housing whenever it is available. Further, in many localities there may be housing shortage. All person should therefore be able to compete for available housing on an open, fair, and equitable basis, regardless of race, color, religion, sex, handicap, familial status, or national origin.
 B. It is therefore declared to be the policy of Louisiana that there is a legitimate governmental interest in protecting the welfare of the people of Louisiana by enacting equal housing opportunity legislation to discourage discriminatory housing practices.
 C. It is the policy of the State of Louisiana to provide, within the state and federal constitutional limitations, for fair and equal housing opportunity throughout the state.
Thus, while the State has set forth its policy with regard to fair housing, a determination as to whether an action violates the federal law cannot be made by this office.
Under federal law is 42 U.S.C. § 3604, "Discrimination in the sale or rental of housing and other prohibited practices," provides it shall be unlawful (a) to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familia status, or national origin." Under the Fair Housing Act we find in the definition set forth in42 U.S.C. § 3602(k) "Familia status" means one or more individuals (who have not attained the age of 18 years) being domiciled with — (1) a parent or another person having legal custody of such individuals or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.
As observed by the court in U.S. v. Lepore, 816 F. Supp. 1000(M.D. Penn 1991), "In 1988 Congress amended portions of the Fair Housing Act to prohibit discrimination on the basis of familial status. It found this was to accord families essentially the same protections as racial minorities, stating, "Congress indicated that these amendments are intended to alleviate the squeeze on affordable housing stock for families with children and to protect such families from eviction or inability to find reasonably priced places to live."
However, we note exceptions in both the Federal and State Law to familial status.
Pursuant to R.S. 51:2605, Exemptions, it is provided that nothing in the Chapter limits the applicability of any reasonable local, state, or federal restrictions regarding the maximum number of occupants to occupy a dwelling, nor regarding familial status with respect to dwellings provided under any state or federal program specifically designed and operated to assist elderly persons, as defined in the state or federal program, "or to housing for older persons." The statute then provides:
 As used in this Subsection, "housing for older persons" means housing communities consisting of dwellings either:
 (1)(a) intended for, and at least eighty percent occupied by, at least one person who is fifty-five years of age or older per unit and providing significant facilities and services specifically designed to meet the physical or social needs of such persons; and
 (b) The publication of, and adherence to, policies and procedures which demonstrate an intent by the owner or manager to provide for persons fifty-five years or older; or
 (2) Intended for and occupied solely by persons sixty-two years of age or older.
The court observed in Taylor v. Rancho Santa Barbara, 206 F.3d 932 (9th Cir 2000) that the housing-for-older persons exemption bears a rational relationship to governments legitimate interest in preserving and promoting housing for older persons, but to acquire such status there must be publication of such policy. This cannot simply be a rule stating "adults only" for exemptions from the Fair Housing Act are narrowly construed.
In 42 U.S.C. § 607 and R.S. 51:2605 for "housing for older persons" it is required at least 80% of the units be occupied by at least one person 55 years or older, and there must be publication of the policy.
In conclusion, we refer you to the U.S. Department of Housing and Urban Development as to whether or not this facility complies with federal law as to the housing of older persons which is a factual determination that cannot be made by our office in this opinion. They can be reached on-line as "www.hud.gov" or locally in New Orleans, at 504-589-7219.
We trust that the information provided herein acts as a resource or guide for those interested in pursuing this matter, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bb